UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE SUBPOENA TO CHECK POINT SOFTWARE TECHNOLOGIES, INC. | Case No. 22-mc-80287-VKD<br><br>**ORDER DENYING MOTION TO QUASH AS MOOT**<br><br>Dkt. No.: 1 |

Check Point Software Technologies, Inc. ("Check Point") moves to quash a subpoena for documents and testimony served by Cloudflare, Inc. ("Cloudflare") on June 14, 2022 in connection with a patent infringement action between Sable Networks, Inc. et al. and Cloudflare in the Western District of Texas, *Sable Networks, Inc. et al. v. Cloudflare, Inc.*, 21-0261-ADA-DTG (W.D. Tex.). Dkt. No. 1. The Court held a hearing on the motion on December 6, 2022.

The June subpoena issued from the Western District of Texas, but it states no place of compliance on its face; rather it indicates that the place of compliance is "[a] mutually agreeable location using remote deposition capabilities." Dkt. No. 1-2. Check Point objected to the subpoena in its entirety, and the parties appear not to have discussed the proper place of compliance. *See* Dkt. No. 1-3.

In responding to Check Point's motion to quash, Cloudflare states that it "formally withdraws the June Subpoena." Dkt. No. 13 at 6. Cloudflare confirmed at the hearing that it has withdrawn the subpoena, and argues that Check Point's motion to quash is therefore moot. *Id.* Check Point argues that the motion is not moot because Cloudflare served another subpoena dated October 6, 2022 seeking substantially the same information but specifying a place of compliance

in West, Texas. Dkt. No. 1 at 13. The parties dispute whether Check Point's identification of West, Texas as the place of compliance for the October subpoena complies with Rule 45(c) of the Federal Rules of Civil Procedure, and the Court understands that that dispute, in addition to others, will be heard by the Honorable Derek T. Gilliland on December 9, 2022. *See* No. 22-mc-01138-ADA-DTG (W.D. Tex.), Dkt. No. 16.

As the June subpoena has been withdrawn by Cloudflare, Check Point's motion to quash that subpoena is moot. To the extent that Check Point suggests the Court nevertheless has authority to decide the motion on the merits because the October subpoena *should have* specified a location in the Northern District of California because it is the only proper place of compliance, the Court is not persuaded that it does have such authority. In any event, the question of whether the October subpoena identifies a proper place of compliance is disputed and will be resolved by Judge Gilliland in the Western District of Texas; there is nothing for this Court to do at this time.

Accordingly, the motion to quash is denied as moot.

**IT IS SO ORDERED.**

Dated: December 6, 2022

VIRGINIA K. DEMARCHI
United States Magistrate Judge